UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| ASIYAH ABDULRAHMAN, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:15-cv-01520-JAD-GWF |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

      This matter is before the Court on Plaintiff's Motion for Extension to Retrieve Medical Records (#3), filed on April 18, 2016.

      On March 18, 2016, this Court issued a screening order of Plaintiff's Complaint (#1-1) pursuant to 28 U.S.C. § 1915(e).  Plaintiff's complaint sought a reversal of the Social Security Administration's ("SSA") decision regarding her social security application.  However, the Court was unable to determine if Plaintiff had exhausted all of her administrative remedies with the SSA prior to bringing the instant lawsuit.  Therefore, the Court dismissed Plaintiff's complaint with leave to amend so that Plaintiff could inform the Court as to whether she properly appealed the Administrative Law Judge's ("ALJ") decision to the Appeals Counsel and, if so, whether her request for review was denied thereby making the ALJ's denial of benefits the final decision for purposes of judicial review.  *See Screening Order (#2)*; 42 U.S.C. § 405(g).  Plaintiff was given until April 18, 2016 to file an amended complaint.

      Plaintiff's motion—which was filed on the last day to file an amended complaint— requests an extension of time to obtain medical records relevant to her case.  Once Plaintiff files an amended complaint that establishes the Court's jurisdiction in this matter, the Court can authorize the amended complaint to be filed and served upon the Commissioner of Social Security

("Commissioner"). "As part of the Commissioner's answer [to Plaintiff's amended complaint] the Commissioner of Social Security shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based." 42 U.S.C. 405(g). Therefore, Plaintiff does not need to retrieve the medical records in this case because the Commissioner will provide the Court with all evidence in the record.

Plaintiff's motion also requests an extension of time so that she may hire an attorney or seek legal aid for proper legal representation in this matter. Rule 6(b) of the Federal Rules of Civil Procedure and Local Rule 6 provide that extensions of time may be granted for good cause shown. The Court finds good cause to grant Plaintiff an extension of time to pursue legal representation for this matter. However, if Plaintiff is unable to obtain counsel in this matter she is once again advised that if she elects to proceed in this action by filing an amended complaint, she is informed that the Court cannot refer to a prior pleading in order to make her amended complaint complete. Local Rule 15–1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Extension to Retrieve Medical Records (#3) is **granted** to the extent that she requested additional time to obtain legal representation.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **May 25, 2016** to file an amended complaint correcting the deficiencies referenced above and more thoroughly explained in the Court's Screening Order (#2).

DATED this 25th day of April, 2016.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge