# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| ASIYAH ABDULRAHMAN, | ) | |
| Plaintiff, | ) | Case No. 2:15-cv-01520-JAD-GWF |
| vs. | ) | **ORDER** |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) | |
| Defendant. | ) | |

This matter is before the Court on the screening of Plaintiff's Amended Complaint (#5), filed on May 24, 2016. Plaintiff's request to proceed *in forma pauperis* was previously granted on March 18, 2016. *See Order (#2).*

## BACKGROUND

Plaintiff brings suit for a review of her social security case. She claims that the Administrative Law Judge ("ALJ") failed to look at any of the medical evidence presented by her then attorney, Eric Shore. *Amended Complaint* (#5). Plaintiff states that she has impairments to her musculoskeletal and neurological systems, that she suffers from anxiety and depression, and that she has diminished sensation of her limbs. She asserts that the medical evidence shows that these impairments qualify her for disability according to the Social Security Administration's definitions. Plaintiff now seeks retroactive disability benefits from the date of her initial application for disability in 2010.

## DISCUSSION

**I.   Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to

dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant/Third Party Plaintiff who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## II. Instant Complaint

Plaintiff asks this Court to review her social security application. A disagreement with the Social Security Administration's ("SSA") final decision may be grounds for this Court to review the case. Federal courts only have jurisdiction to conduct judicial review of the SSA's final decisions. *See* 42 U.S.C. § 405(g); *see also Pacific Coast Medical Enterprises v. Harris*, 633 F.2d 123, 137 (9th Cir. 1980).

Plaintiff's original complaint was dismissed because the Court could not determine if Plaintiff exhausted all her administrative remedies with the SSA prior to bringing the instant action. Plaintiff's Amended Complaint attached a copy of the Appeals Council's denial of her request for review of the ALJ's decision dated March 5, 2014. *See Amended Complaint (#5), pgs. 3–5.* Therefore, it appears that Plaintiff has fully exhausted her administrative remedies with the SSA. The Court will therefore allow Plaintiff's Amended Complaint to proceed as a petition for judicial review of a final agency decision. Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of the Court shall file the Amended Complaint (#5).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall serve the Commissioner of the Social Security Administration by sending a copy of summons and Amended Complaint by

certified mail to: (1) Office of the Regional Chief Counsel, Region IX, Social Security Administration, 160 Spear Street, Suite 899, San Francisco, California 94105, and (2) the Attorney General of the United States, Department of Justice, 950 Pennsylvania Ave. NW, Washington DC 20530.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall issue summons to the United States Attorney for the District of Nevada, and deliver the summons and Amended Complaint to the U.S. Marshal for service.

**IT IS FURTHER ORDERED** that Defendant shall have **sixty (60) days** from the date of service to file her answer or responsive pleading to Plaintiff's Amended Complaint in this case.

**IT IS FURTHER ORDERED** that henceforth, Plaintiff shall serve upon Defendant, or her attorney if she has retained one, a copy of every pleading, motion, or other document submitted for consideration by the court.  Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to Defendant or her counsel.  The court may disregard any paper received by a district judge, magistrate judge, or the Clerk which fails to include a certificate of service.

DATED this 31st day of May, 2016.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge